# WALTEMAR, Respondent, v. SCHNICK'S ESTATE, Appellant.

**St. Louis Court of Appeals, November 3, 1903.**

1. **Probate Practice: AFFIDAVIT TO CLAIM.** Where the demand presented for allowance in the probate court is a promissory note with credits indorsed thereon, with an affidavit that all just credits had been given on the note, and the balance claimed was justly due, it substantially met the requirement of section 195, Revised Statutes 1899, without stating in the affidavit the amount due on said note.

2. ———: ———: **NOTICE OF CLAIM.** Under Revised Statutes 1899, section 197, a claimant shall deliver to the executor or administrator a written notice containing a copy of the instrument of writing or account on which his claim is founded. A notice served without such instrument is insufficient, but this notice may be waived by the executor or administrator appearing in court when the claim is presented and allowed.

3. ———: ———: **LIMITATIONS.** If no exhibition of a demand is made nor suit brought on it within two years from grant of letters, it will be forever barred.

4. ———: ———: ———. If suit is brought on a demand either in the probate or circuit court and the administrator is served with notice or summons, or voluntarily appears in either court and enters his appearance within two years, then said claim will not be barred, although it was not exhibited to him before suit was commenced.

5. **Appellate Practice: FAILURE TO MARK BILL OF EXCEPTIONS "FILED."** Where appellant in due time made out and filed his bill of exceptions, the failure of the clerk to make an entry on his minutes, showing the filing of the bill of exceptions, will not be taken advantage of against appellant.

6. **Evidence: WITNESS: ONE PARTY DEAD THE OTHER INCOMPETENT TO TESTIFY.** Where one party to a contract or cause of action in issue is dead, neither the other party nor his agent with whom the contract or transaction was had, is a competent witness.

7. ———: **AGENT: CLERICAL ACT.** Where payments were made personally to claimant and the indorsements were made on the note executed by decedent, by a third person at the request of claimant, such act of indorsement was a clerical performance and not as a a general agent.

Appeal from Warren Circuit Court.—*Hon. E. M. Hughes,* Judge.

AFFIRMED.

*Peers & Peers* for appellant.

(1) The affidavit to the demand is an essential prerequisite to its allowance, and the affidavit in this case is fatally defective. R. S. 1899, sec. 195; Hood v. Maxwell, 66 S. W. 276; Lanigan v. North, 69 Ark. 62; Clancy v. Clancy, 7 N. Mex. 405; Cole County v. Dallmeyer, 101 Mo. 57. (2) There can be in this case no presumption in favor of the affidavit, since the affidavit was introduced in evidence, and the defect appears upon its face. Erhart v. Dietrich, 118 Mo. 418, 427; Brownlow v. Wollard, 61 Mo. App. 124; Sackberger v. Nat. Grand Lodge, 73 Mo. App. 38; Haycraft v. Grigsby, 88 Mo. App. 354. (3) No exhibition of the demand was made to the executor, as required by section 188 of the Revised Statutes, 1899; without such exhibition the probate court had no jurisdiction. Pfeiffer v. Suss, 73 Mo. 245; Burton v. Rutherford, 49 Mo. 255; Bank v. Burgin, 73 Mo. App. 108; Bank v. Suman, 79 Mo. 527; Gewe v. Hanzen, 85 Mo. App. 136; Williams v. Gerber, 75 Mo. App. 18; Watkins v. Donnelly, 88 Mo. 322; Seligman v. Rogers, 113 Mo. 642; Thurmond v. Sanders, 21 Ark. 255; In re Morton's Estate, 7 Misc. 343; King v. Todd, 27 Abb. N. C. 149; Pike v. Thorp, 44 Conn. 450; McDowell v. Jones, 58 Ala. 25; Jones v. Peebles, 30 So. 564. (4) The notice of presentation for allowance is fatally defective. R. S. 1899, sec. 197. (5) There was no waiver by the executor of either the exhibition of the demand, or the notice of presentation. R. S. 1899, secs. 188, 199; Milan v. Pemberton, 12 Mo. 598. (6) The witness, Lydia Waltemar, was incompetent and her testimony should have been excluded. Green v. Ditsch, 143 Mo. 1; Donnell Newspaper Co. v.

Jung, 81 Mo. App. 577; Edwards v. Warner, 84 Mo. App. 200.    (7)    The court erred in excluding testimony relating to the testator going to the poorhouse, and as to the payment of checks drawn by the testator.    (8) This is not a case where the court will presume that a proper affidavit was made.    The affidavit itself being in evidence, there is no room for presumptions.    It must speak for itself.    As is said by the Supreme Court: "Presumptions are out of place when the facts are known."

*J. W. Delventhal* and *E. Rosenberger & Son* for respondent.

(1)    Where the transcript on an appeal is composed of two sections, one supposably intended for the bill of exceptions, without any preliminary heading or authentication, and the other containing a mere statement that a bill of exceptions was filed in the cause, but not identifying or authenticating the other section as such bill, such papers can not be considered.    Reno v. Fitz Jarrell, 163 Mo. 490; State v. Baty, 166 Mo. 561; State v. Winegard, 168 Mo. 490.    (2)    If a bill of exceptions is filed in term time, the filing must be evidenced by a record entry of the court showing the filing, and if a bill of exceptions has not been authenticated in that manner it can not be considered.    Lafolette v. Thompson, 83 Mo. 199; State v. Rolley, 136 Mo. 677; Wilson v. Railway, 167 Mo. 323.    (3)    The transcript fails to show that a motion for a new trial was filed and when.    This is fatal.    Bank v. Stone, 80 Mo. App. 406.

BLAND, P. J.—Plaintiff presented in the probate court the following note for allowance against the estate of Herman Schnick, to-wit:

"February 25 day, 1869.

"One day after date I promise to pay to the order of Margaret Waltemar the sum of eight hundred and forty-five dollars for value received negotiable without defalcation or discount and with interest from date at the rate of six per cent per annum.

    (Signed)        "HERMAN SCHNICK."

Upon the back of the note appear the following credits:

| | |
|---|---|
| " Zinfe bezahlt bis ............ | 1871 |
| " Pade interest op to .......... | 1874 |
| " Ditto $50.00 Doller.......... | 1878 |
| " Ditto $25. ................ | 1881 |
| " Received $50.00 ............. | 1882 |
| " Received $100.00 in gold ...... | 1884 |
| " Ditto $50.00 ................ | 1884 |
| " Paid $100.00 ............... | 1886 |
| " By oats $5.00 .............. | 1891 |
| " Paid $50.00 Aug. .......... | 1892" |

Plaintiff made the following affidavit to her demand:

"State of Missouri, County of Warren, ss.

"Margaret Waltemar, being duly sworn according to law, says that, to the best of her knowlege and belief, she has given credit to the estate of Herman Schnick, deceased, for all payments or offsets to which it is entitled, on demand above described, and that the balance there claimed is justly due.

    (Signed)        "MARGARET WALTEMAR."

"Subscribed and sworn to before me this 24th day of December, 1901.

"Witness my hand and official seal.

(Seal)      "C. F. POISSE, Judge of Probate."

Of her intention to present said demand plaintiff served on defendant, as executor of the estate of Herman Schnick, the following notice:

"Warrenton, Mo., Dec. 24, 1901.

"To Frank Doye, executor of the estate of Herman Schnick, deceased:

"Take notice, that on the first day of the next November adjourned term of the probate court of Warren county (to be holden at the courthouse in said county, on Saturday, the eleventh day of January, next) or as soon thereafter as I can be heard, I shall present to said court for allowance against the estate of Herman Schnick, deceased, a demand for the sum of ——— dollars founded on note.

(Signed) "MARGARET WALTEMAR."

Defendant appeared in the probate court at the term he was notified that said demand would be presented for allowance, and contested the demand. The probate court rendered judgment in favor of the plaintiff and placed the allowance in the sixth class of demands. The defendant appealed.

On a trial *de novo* in the circuit court, plaintiff again recovered judgment from which the defendant appealed.

1. Defendant contends that the affidavit to the demand was insufficient to confer jurisdiction on the probate court to hear and determine the same. Section 195, of the administration law, provides: "The court shall not allow any demand against any estate unless the claimant first make oath in open court, or file his affidavit with such claim, stating to the best of his knowledge and belief that he has given credit to the estate for all payment and offsets to which it is entitled, and that the balance claimed is justly due." The only defect in the affidavit pointed out by the defendant and relied upon by him for the reversal of the judgment is, that the amount claimed to be due is not stated in the affidavit. The demand presented for allowance was a promissory note with credits thereon. The affidavit was that all just credits had been given on the note.

The exact amount due was a mere matter of calculation. It is a maxim of the law that, "that is certain which can be made certain." It was a mere matter of calculation to determine the amount that was due on the demand as presented. The object of the statute is to purge the conscience of the claimant. This was done when the claimant made affidavit to the fact that the note was due, less the credits that had been given thereon, and we think the affidavit substantially met the requirements of the statute, certainly sufficiently so to give the probate court jurisdiction of the claim.

2. Defendant makes the further contention that the demand was not exhibited to defendant, as executor, as required by section 188, Revised Statutes 1899, and that the notice of plaintiff's intention to present it to the probate court for allowance is also insufficient. The notice required to be given by a claimant, who desires to present his claim to the probate court for allowance is, that "the claimant shall deliver to the executor or administrator a written notice containing a copy of the instrument of writing or account on which his demand is founded," etc. Sec. 197, R. S. 1899. The notice served on defendant did not contain a copy of the note, which was the foundation of the plaintiff's demand. It was for this reason insufficient. But this notice "may be waived by the executor or administrator appearing in court when the claim is presented for allowance" (sec. 199, R. S. 1899.) The record shows that defendant did voluntarily appear in the probate court without making any objections to the insufficiency of the notice, and submitted to a trial of the claim before the court and a jury. By his appearance he clearly waived the necessity of notice.

In respect to the exhibition of a claim to the executor, the statute (sec. 188, supra) provides that "any person may exhibit his demand against an estate by serving upon the executor or administrator a notice in writing stating the amount and nature of his claim,

with a copy of the instrument or writing or account upon which his claim is founded." The exhibition of plaintiff's claim to the defendant did not contain a copy of the note (the instrument of writing upon which her claim is founded) and for this reason was wholly insufficient under the statute.

A preceding section (185) provides that "all demands not exhibited in two years from the grant of letters shall be forever barred, saving to infants," etc. Another section provides that "all demands exhibited after the end of one year and within two years after letters are granted shall be placed in the sixth class of demands" (sec. 184, R. S. 1899.) It seems to us that the object gained by an exhibition of a demand under the statute it to stop the running of the statute of limitations. But it is not the commencement of a suit on the demand, it is only the exhibition of the foundation of a suit to be thereafter commenced.

We think it is clear from the foregoing statutes that if no exhibition of a demand is made, nor suit brought on it, within two years, that it will be forever barred. But if suit is brought on the demand, either in the circuit or probate court, within two years from grant of letters, and the administrator is served with notice or with summons of the commencement of such suit, or voluntarily appears in either court and enters his appearance to such suit, that the claim will not be barred, although it was not exhibited to him before the suit was commenced—that his appearance to the suit, or the service of summons, if in the circuit court, or the service of proper notice on him, if suit is in the probate court, would be an exhibition of the demand. Madison County Bank v. Suman, 79 Mo. 527; Pfeiffer v. Suss, 73 Mo. 245.

Where an exhibition of a demand to an executor or administrator is relied on to take a case out of the statute of limitations and is not accompanied with notice of the commencement of suit, the demand when sued upon, whether in probate court or circuit court must be the

identical demand exhibited and it must be sufficient to furnish a foundation for the suit. The defendant, however, contends that no suit can be maintained on a demand against an estate in the probate court, unless it has been previously exhibited to the executor or administrator. We do not so understand our administration law. On the contrary, it was held in Bank v. Suman, supra, that where the administrator had been sued in the circuit court within two years after the grant of letters, he may voluntarily appear and defend or he may be brought in by the service of summons upon him and that the petition with the exhibits filed and served upon him is a sufficient exhibition of the demand to stop the running of the statute of limitations. Substantially the same ruling was made in Pfeiffer v. Suss, supra, where the demand was presented in the probate court, in which case it was, in substance, ruled that the administrator might be served with notice, as provided by section 197, supra, or that he might waive such notice and voluntarily appear, and that the demand presented to the probate court in such circumstances would furnish him an exhibit of what he is called upon to defend, and that the service of notice of presentation of such demand, or his voluntary appearance in the probate court stopped the running of the statute of limitations.

3. There is nothing in the original transcript except a recital in the bill of exceptions to show that a motion for new trial has been filed and overruled. To cure this defect the clerk of the circuit court has, by leave of this court, filed a supplemental transcript by which it appears upon the record proper that a timely motion for new trial was filed, to-wit, on April 25, 1902, and overruled, and that the appeal was then and there perfected and leave was given to file bill of exceptions on or before July 1, 1902, and that in vacation of the court, to-wit, on May 27, 1902, the bill of exceptions was filed.

Since the filing of the supplemental transcript the respondent has filed an additional supplemental trans-

cript showing that the Warren Circuit Court met and adjourned on May 27, 1902. He has also exhibited a certificate of the circuit clerk which states that the record does not show that any bill of exceptions was filed in vacation or at any other time, but that in effect the original bill of exceptions is endorsed "filed May 27, 1902." Omitting to animadvert on these contradictory certificates of the clerk as to what the records of this court show, it will suffice to say that by all of his certificates it appears that the appellant in due time procured the signature of the judge to his bill of exceptions and that he thereafter handed it to the clerk to be filed and that the clerk marked it filed. If the clerk omitted to make an entry on his minutes showing the filing of the bill of exceptions, the fault was his, not the defendant's and we will not punish the defendant for the omission of the clerk to perform his duty by holding that the record proper does show that the motion for new trial was filed and overruled and that the bill of exceptions was filed within the time allowed by the court.

This brings us to a consideration of the errors alleged to have intervened at the trial.

Miss Lydia Waltemar, a witness for the plaintiff, testified that she was plaintiff's daughter and lived with her at her home in Warren county; that since the year 1883 or 1884 she had been the agent of plaintiff and had transacted all of her business and did all of her writing; that the indorsement on the note "interest paid to 1871" she judged to be in the handwriting of her mother, and that the indorsement of the fifty dollar payment credited in 1882, she thought was in the handwriting of one of her sisters; that all the other indorsements of payments were in her handwriting; that in each instance the money was paid by the decedent to her mother in the presence of the witnesses, and that at the request of her mother and because she did her writing for her she got the note and indorsed the credits in each instance in the presence of the decedent.

She further testified that the note was kept by her mother at her home. On the ground that the witness was the agent of plaintiff and that the several transactions testified to by her were had with her as such agent by the deceased, the defendant contended that she was an incompetent witness and moved the trial court to strike out her evidence. The court held that she was a competent witness and overruled the motion to strike out her evidence. This ruling is assigned as error.

Where one party to a contract or cause of action in issue and on trial is dead, neither the other party nor his agent with whom the contract or transaction was had is a competent witness. Edwards v. Warner, 84 Mo. App. 200; Donnell Newspaper Co. v. Jung, 81 Mo. App. 577; Banking House v. Roode, 132 Mo. 256. The matter in issue and on trial was in respect to the payments indorsed on the note by Lydia Waltemar. According to the evidence these payments were made to the plaintiff in person and their indorsement as credits on the note were made by Lydia at the request, and in the presence of her mother. The acts of writing these indorsements by the witness, in these circumstances, were but clerical performances and Miss Waltemar in writing them acted as the amanuensis of her mother and not by virtue of her authority as her general agent.

It is contended by the defendant that the note itself is barred by the ten-year statute of limitations. The last payment made on the note was, according to the evidence, in August, 1892. The cause was tried in the circuit court in April, 1902. There is, therefore, no room for this contention.

Discovering no reversible error in the record, the judgment is affirmed. *Reyburn* and *Goode, JJ.,* concur.