Decided 10 December, 1900.

## RE CHAMBERS' ESTATE.

CHAMBERS V. CHAMBERS.

[62 Pac. 1013.]

38  131
40  431

EXECUTORS — NECESSITY FOR PROOF OF CONTESTED CLAIM.

Under Hill's Ann. Laws, §§ 1133, 1134, 1137, 1138, 1172-1175, requiring the allowance or rejection of claims by an administrator, and presentation of rejected claims to the county court, and declaring that the administrator shall file an account every six months, showing claims allowed and disallowed, and permitting any one interested to object to any item in the administrator's final account, on the hearing of which the court shall allow or disallow the claim in whole or in part, the mere allowance of a claim by the administrator does not make out a *prima facie* case in favor of its validity if objected to on final accounting, but claimant must substantiate his claim by proof.

From Marion: Geo. H. Burnett, Judge.

On March 26, 1898, E. J. Chambers was appointed administrator of the estate of William J. Chambers, deceased. Subsequently Robert Chambers presented a claim aggregating $782.46, which was allowed by the administrator, and filed with his final account in the county court December 3, 1898. At the time appointed for the hearing, respondents, being heirs of the deceased, filed objections to the allowance and approval by the county court of two items of the claim, aggregating $715.46. There was no evidence produced for or against the claim, the claimant relying wholly upon the allowance by the administrator as establishing *prima facie* its validity. Upon this state of the record the court ordered and decreed that the items objected to be disallowed. The claimant prosecuted an appeal to the circuit court, and, being unsuccessful there, now appeals to this court. AFFIRMED.

For appellant there was a brief over the name of *Holmes & Kellogg*, with an oral argument by *Mr. William H. Holmes*.

For respondent there was a brief and an oral argument by *Messrs. F. A. Turner* and *Woodson T. Slater.*

MR. JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

We will consider but one question, which is decisive of the controversy; that is, whether it was incumbent upon the claimant, who was present at the hearing and directed the prosecution of his demand, to make his case in the first instance, to produce other proof in support of his demand than the allowance of the administrator. In other words, does such allowance make a *prima facie* case for the claimant, and cast the burden upon the objectors to establish the invalidity of the demand, or must he go further, and prove the claim as in controverted demands generally? The statute prescribes the manner in which a claim against an estate of a deceased person may be presented to the executor or administrator for allowance. When there is any written evidence thereof, it may be demanded, or that its nonproduction be accounted for. If he be satisfied that it is just, he shall indorse upon it the words "Examined and approved," and pay it in due course of administration. He is required to keep a list of all demands legally exhibited, and file a statement thereof every three months with the county court, designating whether they have been allowed or rejected. If he refuses to allow any such claim, provision is made whereby the creditor may present the same to the county court, which may be there contested before a jury, if desired. By another clause, if the executor or administrator doubts the validity of any claim presented to him, he may agree in writing with the claimant that an order of reference be made by the court or judge thereof concerning the same. Upon filing such agreement the order shall be made accordingly. The referee is empowered to hear and determine the matter, and report thereon to the court, in the same manner and with like ef-

fect as if the order was made in an action or suit upon the claim. Within the first ten days of April and October of each year, until the administration is closed, the executor or administrator must render a verified account, and file the same with the clerk of the court, showing, among other things, the amount of claims presented against the estate, and whether allowed or disallowed, the name of the claimant of each, and any other matter necessary to show the condition of the affairs thereof. At the first term of the court after the filing of the first semiannual account, and each semiannual account thereafter, the court shall ascertain and determine if the estate be sufficient to satisfy the claims presented and allowed by the executor or administrator within the first six months, or any succeeding period of six months, after paying funeral charges and expenses of administration, and, if so, it shall so order and direct; but, if the estate be insufficient for the purpose, it shall ascertain what per cent. of such claims it is sufficient to satisfy, and order and direct accordingly. When the estate is fully administered, he shall file his final account. It shall be verified, and contain a detailed statement of the amount of money received and expended, from whom received and to whom paid, and refer to the vouchers for such payment. Notice shall be given, and a day fixed for hearing objections thereto. Any heir, creditor, or other person interested in the estate may file objections to it, or to any particular item therein, specifying the particulars of such objections. Upon the hearing the court shall give a decree allowing or disallowing the account in whole or in part, as may be just and right; and the decree is primary evidence of the correctness of the account, as settled in any other action, suit, or proceeding between the parties interested. When, upon the filing of a semiannual account, an order is made determining and prescribing the amount of the assets applicable to the claims then presented, thereafter the executor or administrator is personally liable

to each creditor included in such order for such amount; Hill's Ann. Laws, §§ 1133, 1134, 1137, 1138, 1172-1175, 1190; and § 1170, as amended by Laws 1895, p. 89.

Referring to the statute, to ascertain, if possible, the legal effect of the allowance of the claim by the administrator, it would seem that in making such an allowance he acts as an auditor, merely. True, he has the right to demand the written evidence of any claim presented, or that its nonproduction be accounted for, but this is for the purpose of enabling him to satisfy himself touching the validity of the demand. He must be satisfied in any instance that the claim is just, before he can allow it. If he has any doubts about the matter, provision is made whereby he may agree to refer it to a referee and take his judgment, or he may reject it and require its establishment before the county court, or otherwise. His allowance shows that he is satisfied that the claim is just, but he has not passed upon it judicially, as he is not invested with judicial functions respecting it. When, however, he has filed a semiannual account, and it has been approved by the court, and he is directed to pay the claim allowed in whole or in part, this constitutes an intermediate or partial settlement, which is *prima facie* evidence of the correctness of the account, and perhaps of the validity of all claims reported to the court and thus approved. All persons interested in the estate are presumed to have notice of the filing of these semiannual accounts, by reason of the fact that they are required to be filed at certain dates. The passing of the account, however, by the county court, is not conclusive: *Cross v. Baskett,* 17 Or. 84, 88 (21 Pac. 47); 11 Am. & Eng. Enc. Law (1 ed.), 1310. In the present case the allowed claim was brought to the attention of the court for the first time at the hearing of the final account, and it has never made any order with reference to it. Now, it is apparent that the county court is not bound to approve a claim simply because it has been allowed by the adminis-

trator; for, if such was the case, it would merely sit in a perfunctory manner to enter its approval upon the journal. The court acts judicially, and when objections are interposed to a claim it must be supported by proof, as in other litigated controversies, or the claim must fail of its establishment, and the simple allowance by the administrator will not avail to make a *prima facie* case. The claimant in the present case should have supported his claim by proof of its validity, failing in which the court was not in error in disallowing it. The decree of the court below will be affirmed, and it is so ordered.                                        AFFIRMED.