[No. 6649.   Decided March 4, 1907.]

RACHEL ISABELLA BEATTY, *Respondent*, v. WILLIAM I. DAVENPORT *et al.*, *Appellants.*[1]

ADOPTION—JUDGMENT—COLLATERAL ATTACK. An order for the adoption of children may be collaterally attacked by a parent in *habeas corpus* proceedings to recover possession, where the parent was not a party to the proceedings and had no actual or constructive notice thereof.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered November 3, 1906, upon findings in favor of the plaintiff, granting a petition for a writ of *habeas corpus* to recover the possession of two children. Affirmed.

*Hamblen, Lund & Gilbert*, for appellants.

*Danson & Williams,* for respondent.

[1]Reported in 88 Pac. 1109.

MOUNT, J.—Respondent was awarded the custody of two minor children by *habeas corpus* proceedings. This appeal is from final judgment therein. The material conceded facts are as follows: On March 30, 1905, the respondent was, by decree of the superior court of Whitman county, divorced from her husband, R. J. Pierce. By that decree she was awarded the care and custody of her infant children. On the day following the decree her divorced husband, R. J. Pierce, fled the state, taking with him one of these children. A few months later respondent located Mr. Pierce in the state of New York. She attempted to obtain possession of her child there by *habeas corpus* proceedings, but before service could be had, Mr. Pierce again fled with the child. Respondent then went to her mother's home in Canada, taking her other child with her, not knowing the whereabouts of Mr. Pierce or the child he had. Subsequently, on July 14, 1905, while respondent was at her mother's home in Canada, Mr. Pierce, by stealth, secured the other child from respondent, and disappeared. He came directly to Spokane, where he left both the children with his sister, one of these appellants. Respondent employed assistance to locate the children, but was unable to find them. The children remained in possession of appellants in Spokane until January 16, 1906, when appellants filed a petition in the superior court of that county for the adoption of the children. The petition alleged that the children were the offspring of R. J. Pierce and the respondent, who were living separate and apart from each other, and were legally divorced by decree of the superior court of Whitman county in March, 1905; that said R. J. Pierce was a resident of Spokane county, and that the residence of the respondent was unknown to the petitioners; that respondent in the month of October, 1905, left the children in the custody of appellants, and ever since the month of March, 1905, had wholly abandoned said children. Accompanying the petition was the written consent of the father for the adoption of the children by ap-

pellants. While the petition alleged, and the written consent recited, that R. J. Pierce was the father of the children, neither the petition nor written consent stated that he had the care, custody, or control of said children.

On January 17, 1906, after the petition was filed, the court appointed one Lawrence Jack to appear as next friend for the children in the adoption proceedings. On the same day Mr. Jack filed a written consent to the adoption, and the court, after hearing evidence and finding that respondent had abandoned the children, made and entered an order of adoption. No notice of any kind was served or attempted to be served upon respondent in the adoption proceedings, and she had no notice or knowledge thereof. In the month of October, 1906, respondent located the children, and came immediately to Spokane, where she filed her petition in *habeas corpus* for the possession of the children. In her petition for the writ of *habeas corpus*, she alleged the fact of the divorce from R. J. Pierce; that the two children were awarded to her, and that they had been stealthily and unlawfully taken from her by said Pierce, and that the appellants were withholding her children from her by direction of said R. J. Pierce. For a return to the writ, the appellants set up the adoption proceeding, claiming the same to be a bar to the claim of respondent for the possession of the children. For reply to the return, respondent alleged that the adoption proceedings were void as to her, by reason of the facts that she was not a party thereto, had not consented thereto, and had no notice or knowledge thereof, and that the jurisdictional facts therein stated were false and known to be false by the petitioner, and that by reason of false representations stated therein and testified to, and also by reason of the fraud practiced upon the court in such adoption proceedings, the judgment therein was void.

Upon the hearing of the *habeas corpus* proceedings, it appeared that the appellants knew of the divorce proceedings; that Mrs. Davenport, one of the appellants herein,

was a witness therein, and present at the trial, and knew that the care, custody, and control of the children were awarded to the respondent, and that R. J. Pierce had taken both of said children away from respondent. It also appeared that respondent had no knowledge or notice of the adoption proceedings until return was made to the writ of *habeas corpus*, and that she had not abandoned the children. The court thereupon found that the adoption proceedings were void upon the ground of fraud practiced upon the court, and upon the further ground that respondent had no notice thereof, and therefore granted the writ. The appellants appealed from the order so made, and the trial court ordered the children in possession of the matron of the juvenile department, pending the appeal. After the appeal was taken, the lower court made an order giving possession of the children to the respondent. This order was subsequently set aside by this court upon application therefor, and the children ordered returned to the matron of the juvenile department of the superior court, where they were at the time the appeal was perfected. Afterwards an application was made to this court by each party for possession of the children. In this last application to this court, it was agreed that the juvenile department of the superior court was not a proper place for the children. We made no order upon this application because at that time the case was submitted upon the merits. We shall now consider the whole case.

The appellants contend in this court, as they did in the court below, that the adoption proceedings are regular upon their face, and the judgment being by a court of competent jurisdiction cannot be attacked in this collateral proceeding, but imports absolute verity. The general rule no doubt is that a judgment of a court of competent jurisdiction is binding until it is reversed, and that another court cannot, by means of the writ of *habeas corpus*, look beyond a judgment and re-examine the proceedings on which it is based. The writ challenges the jurisdiction alone. 21 Cyc. 244; Black,

Judgments (2d ed.), §§ 254, 255, 533; *In re Clifford*, 37 Wash. 460, 79 Pac. 1001, 107 Am. St. 819.

But this rule, of course, applies only to parties and privies to such judgments. In this case it is not even claimed that the respondent was a party to the decree of adoption, or that she was served with notice or that she had any knowledge of such proceedings until after the judgment had been entered. No notice, constructive or otherwise, was attempted to be given to her. It is true the petition alleges that she had abandoned the children, and the court so found, without giving her an opportunity to be heard on that question. It is also true that the decree of adoption recited that the father had the custody, care, and control of the infant children, but this recital was not binding upon her because she was not a party and had no opportunity to be heard upon it. The decree of adoption was binding only upon the parties before the court and their privies. It was not binding upon respondent, because she was neither a party nor a privy to it. The court, therefore, had no jurisdiction to determine her rights. The rule is that a judgment can always be attacked collaterally by one who was not a party or privy to it. Black, Judgments (2d ed.), §§ 278, 534. A rule otherwise would permit a man to be condemned unheard, or his property taken without notice, which of course is contrary to the plainest principles of law or justice. The basis of the rule that a judgment regular upon its face cannot be attacked collaterally is that there has been an adjudication of the question between the parties. Where it appears from the face of the record that a party interested was not before the court and had no notice or opportunity to be heard, the rule does not apply. Such parties may be heard upon questions of both law and fact as fully as though no judgment had been rendered. The rule applies as well to *habeas corpus* proceedings as to others. *Schlitz v. Roenitz*, 86 Wis. 31, 56 N. W. 194, 39 Am. St. 873, 21 L. R. A. 483; *Holmes v. Derrig*, 127 Iowa 625, 103 N. W. 973; *Burger v. Frakes*,

67 Iowa 460, 23 N. W. 746, 25 N. W. 735; *Nugent v. Powell*, 4 Wyo. 173, 33 Pac. 23, 62 Am. St. 17, 20 L. R. A. 199; *State ex rel. Le Brook v. Wheeler*, 43 Wash. 183, 86 Pac. 394.

In the case of *Schlitz v. Roenitz, supra,* the court, speaking to this question, said:

"The contention that the county court could, without notice to the plaintiff or opportunity to him to defend against the charge of abandonment, grant an order depriving the plaintiff of his most sacred natural rights in respect to his child, so jealously guarded and protected by the laws, offends against all our ideas respecting the administration of justice, and is opposed to the principles which lie at the foundation of all judicial systems not essentially despotic in their character and methods of procedure. . . . We have not been referred to a single adjudicated case which holds that such an order as this is valid, as against the claim of the natural father to the services of his minor child, or as affording any evidence that he has abandoned it. Certainly, nothing is gained by saying that the proceeding is one *quasi in rem,* for, in all such, notice to the party affected and bound, either actual or constructive, is absolutely essential. Nor is it material that the order may be set aside on petition, appeal, or certiorari. The fact still remains that as to the father, the order is a mere nullity, and may be disregarded as such, whenever and wherever it comes in question, as against him, or as affecting his rights. . . . The judgments and decisions of a judicial tribunal are conclusive, and secure against collateral attack, only when the tribunal rendering them had jurisdiction of the subject-matter and of the parties to be affected by them. By reason of the want of jurisdiction of the person of the plaintiff, the proceeding in question established nothing as against him, and is no evidence that he abandoned his child."

In the case of *State ex rel. Le Brook v. Wheeler, supra,* where the facts were similar to the facts in this case, in speaking to the point under consideration, we said:

"Respondents now contend that this order [the order of adoption] destroyed all of the father's rights, and that he

cannot question the same in this collateral proceeding. This contention cannot be sustained. In order that the father might be bound by said order, it was necessary that some character of service should be made upon him, and that he should have had his day in court. . . . It is not claimed that the relator was in fact served. The undisputed evidence in this action shows that he was not. This being true, the entire proceeding was void."

Under this rule, we are satisfied that the order of adoption by the appellants in this case was not binding upon the respondent, and that she was therefore at liberty in this proceeding to show the facts. The judgment of the lower court is therefore affirmed. In view of the conclusion that we have reached, the application of the respondent for immediate possession of the children is hereby granted, and she is authorized to take the children from the matron of the juvenile department immediately upon the filing of this opinion, and to retain them pending the petition for rehearing, should one be filed. It is further ordered that respondent recover costs of this appeal, including all charges and expenses for the care of said children by the superior court or the matron of the juvenile department thereof.

HADLEY, C. J., DUNBAR, RUDKIN, ROOT, and CROW, JJ., concur.