ANDERSON *v.* LOUISVILLE & N. R. Co.*

(*Knoxville.*   September Term, 1913.)

1. **EXECUTORS AND ADMINISTRATORS.**   Appointment of administrator.   Jurisdiction of courts.   Existence of assets.

Under Shannon's Code, sec. 3935, providing that letters of administration may be granted upon the estate of a nonresident, by the county court of any county in this State where the deceased had any goods, chattels, or assets at the time of his death, where at the time a nonresident was killed in a county in this State he had on his person personal property of the value of $35, such property would support administration in such county; its value, or the fact that it was on his person rather than elsewhere, being immaterial.   (*Post* p. 247.)

Code cited and construed:   Sec. 3935 (S.).

Cases cited and approved:   Harrington v. Brown, 22 Mass., 519; Pinney v. McGregory, 102 Mass., 186; Railroad v. Bradley, 51 Neb., 596.

2. **EXECUTORS AND ADMINISTRATORS.**   Assets.   Property subject.

A pistol, a gold watch, a gold badge of an order, and money belonging to a decedent were all subject to administration, none of such property being exempt.   (*Post, p.* 248.)

3. **EXECUTORS AND ADMINISTRATORS.**   Assets.   Property subject.

Where a nonresident at the time of his death left property in K. county, administration might be had in that county, although subsequent to his death some one without authority sent such property to his wife in another state, since the

---

*On the question what assets will give jurisdiction to appoint administrator, generally, see note in 24 L. R. A., 684.

parties responsible could be made to answer for such removal. (*Post*, *p.* 248.)

Cases cited and approved: Missouri Pacific R. R. v. Bradley, 51 Neb., 596; Bullock v. Rogers, 16 Vt., 295; Valentine v. Jackson, 9 Wend. (N. Y.), 302.

4. **EXECUTORS AND ADMINISTRATORS.** Title of administrator.

The property of a decedent vests in his administrator, when appointed, by relation from the date of the death. (*Post*, *p.* 248.)

---

FROM KNOX.

---

Error to Circuit Court, Knox County.—VON. A. HUFFAKER, Special Judge.

SHIELDS, CATES & MOUNTCASTLE and J. HARRY PRICE, for plaintiff in error.

JAS. B. WRIGHT and JAS. G. JOHNSON, for defendant in error.

MR. JUSTICE GREEN delivered the opinion of the Court.

This was a proceeding brought by the Louisville & Nashville Railroad Company to revoke letters of administration granted to W. K. Anderson upon the estate of Ray Farmer, who was killed in Knox county, Tenn., on the 1st of January, 1909.

The proceeding was based on the case of *Railroad* v. *Herb*, 125 Tenn., 408, 143 S. W., 1138; it being sup-

posed that this case furnished a precedent for the propriety of the action here instituted by the railroad company. The contention of the railroad company was sustained by the county court, and the letters of administration to Anderson were revoked, and this action of the county court was affirmed by the circuit court. The court of civil appeals, however, reversed the lower courts and dismissed the proceeding. The railroad company has brought the matter before us on petition for *certiorari.*

The deceased, Farmer, was a brakeman in the employ of the railroad company, running at the time of his death from Etowah, in Tennessee, to Corbin, in Kentucky. He was a resident of the State of Kentucky, and the Louisville & Nashville Railroad Company is likewise a Kentucky corporation. Farmer was killed in the yards of the railroad company in Knoxville, and after Anderson qualified as administrator he brought suit to recover damages for his death in the United States District Court at Knoxville.

At the time deceased was killed, he had on his person a Smith & Wesson pistol, a gold watch, a gold badge of an order to which he belonged, and $35 in money. This property was sent to his wife in Kentucky.

The court of civil appeals held that letters of administration were properly issued on the estate of Farmer in Knox county, inasmuch as he had property in that county at the time of his death.

The provisions of our Code (Shannon's, sec. 3935) are as follows:

"Nonresidents' Estate, Administration.—Letters testamentary or of administration may be granted upon the estate of a person who resided, at the time of his death, in some other State or territory of the Union, or in a foreign county, by the county court of any county in this State:

"(1) Where the deceased had any goods, chattels, or assets, or any estate, real or personal, at the time of his death, or where the same may be when said letters are applied for.

"(2) Where any debtor of the deceased resides.

"(3) Where any debtor of a debtor of the deceased resides, his debt being unpaid when the application is made.

"(4) Where any suit is to be brought, prosecuted, or defended, in which said estate is interested."

The conclusion of the court of civil appeals is obviously correct. As heretofore enumerated, the deceased had certain goods, chattels, or assets in the county of Knox when he died, and under the provisions of subsection 1 it was proper for the county court of Knox county to issue letters of administration upon his estate.

The value of these goods and chattels is immaterial for the purposes of administration. Administration may be granted for an estate of $35, as well as for an estate of $35,000. Nor is it material that the goods and chattels referred to were on the person of deceased at the time of his death. Such property is alike subject to administration, whether it be found on the per-

son of deceased, or whether it be found in his bank. It was located in Knox county at the time of his death, and that is the material circumstance. Pritchard on Wills and Administration, secs. 66-68; *Harrington* v. *Brown,* 22 Mass. (5 Pick.), 519; *Pinney* v. *McGregory,* 102 Mass., 186; *Railroad* v. *Bradley,* 51 Neb., 596, 71 N. W. 283.

None of the property which deceased had in Knox county at the time of his death was exempt, but all of it was subject to administration.

The fact that this property was subsequently sent to his widow in Kentucky by some one does not alter the *status* of the case. It was sent there without authority. The statute makes the right of administration dependent upon the location of the property at the death of deceased, and if it be removed without authority, administration may still be had, and the responsible parties made to answer for such removal. For a case exactly in point, see *Missouri Pacific R. R.* v. *Bradley,* 51 Neb., 596, 71 N. W., 283. The property of a decedent vests in his administrator when appointed by relation from the date of the death. *Bullock* v. *Rogers,* 16 Vt., 295; *Valentine* v. *Jackson,* 9 Wend. (N. Y.), 302; Woerner's Law of Administration, vol. 1, sec. 173.

*Railroad* v. *Herb, supra,* has no application here. In that case, decedent had no estate at the time of his death in the county where administration was sought. Furthermore, *Railroad* v. *Herb* dealt with the right

Anderson v. Railroad.

of administration, where deceased was wrongfully injured in another State and died in another State.

The judgment of the court of civil appeals is affirmed.