BUCKINGHAM HOTEL CO. *v.* KIMBERLY *et al.**

(Division A. March 16, 1925.)

[103 So. 213. No. 24681.]

1. EXECUTORS AND ADMINISTRATORS. *Estate of nonresident within state administered as though there were no other administration.*

Though claim against decedent's estate be barred in the state of his domicile, and so dismissed by the probate court of that state, because not presented for allowance in the time fixed by its probate statute, this does not preclude such creditor from having in Mississippi an administration of decedent's estate within the state, and here presenting his claim for probate; the estate of a decedent within this state being under its statutes administered by its courts as though there were no other administration, irrespective of the domicile of decedent and of the creditor, and of the law of the state of the domicile.

2. COURTS. *Comity does not require court in administering estate of nonresident decedent to treat as bar of claim an order of court of domicile dismissing it for late filing.*

No rule of comity between courts of different states requires the courts of Mississippi in independently administering the estate within it of a nonresident decedent, to treat as barred the claim of a creditor, because the court of the domicile state dismissed it because not presented within the time fixed by the probate statute of that state.

3. JUDGMENT. *Full faith and credit clause held not to require treating order of dismissal in another state of probate claim for late filing as bar to claim in this state.*

The full faith and credit clause, Const. U. S. article 4, section 1, does not require that order of probate court of state of domicile of nonresident decedent dismissing claim because not filed in time limited by probate statute of that state be treated as a bar to the claim in proceeding in Mississippi to probate the estate of the decedent within the state.

*Headnotes 1. Executors & Administrators, 24 C. J., sections 2676, 2695; 2. Courts, 15 C. J., section 655; Executors & Administrators, 24 C. J., section 2696; 3. Judgments, 34 C. J., section 1602 (1926 Anno).

APPEAL from chancery court of Warren county.

HON. E. N. THOMAS, Chancellor.

Proceeding by the Buckingham Hotel Company for allowance of a claim against the estate of W. C. Marshall, deceased. From an adverse order, on motion of A. Kimberly and others, the Buckingham Hotel Company appeals. Reversed and remanded.

*Dabney & Dabney,* for appellant.

W. C. Marshall, deceased, a citizen and resident of St. Louis, Missouri, died testate in St. Louis, Missouri, and thereafter, letters of administration were taken out on his estate in St. Louis County, Missouri, by Letitia Love Marshall and Katherine Marguerite Marshall on May 31, 1922, and said administration proceeded with according to the laws of the state of Missouri, although said estate has not yet been closed.

A petition was presented to the probate court of Warren county, Mississippi, asking that letters of administration be granted to the American Bank & Trust Co., county administrator upon the real estate of decedent in said Warren county, Mississippi, and which had not been administered, whereupon said probate court of Warren county, Mississippi, granted the prayer of said petitioner and letters of administration were accordingly granted and petitioner's claim probated in the amount of one thousand two hundred ninety-three dollars and twenty-five cents. The question of the correctness of said account and whether all or any part is due and owing is not now before this court for its determination.

Under the laws of Mississippi real property situated in the state of Mississippi descends and is distributed according to the laws of this state, and may be administered in this state notwithstanding the domicile of deceased may have been in another state. All of the real property of W. C. Marshall, deceased, lay in Mississippi; only the personal property was in Missouri. *Bolton* v.

*Barnett,* 95 So. 721; *Carroll* v. *McPike,* 53 Miss. 569; Story on Conflict of Law, p. 518.

Counsel for said estate contended in the trial in the lower court that movee and petitioner had no right to ask for and open the administration in the state of Mississippi for the reason that, as contended by them, there is some sort of privity between the domicilary executrix of the will in Missouri and the administrator with the will annexed, of the property of decedent in Mississippi, and that a bar of a claim against the former bars it against the latter. We think counsel are wholly in error.

The actual administration in Missouri concerned not this property which lay outside of the jurisdiction of the state of Missouri. A proceeding in a probate court to administer upon the estate of a deceased person is a proceeding *in rem;* not *in personam.* The property within the jurisdiction of the court is the defendant, the executor or administrator is its representative, and all claiming any interest in that property through the deceased are parties to the proceeding.

The probate court of Missouri and the executrix which it appointed had no authority or jurisdiction to administer or to distribute any property beyond the limits of that state, because the very statutes of Missouri which gave them their official authority were ineffective beyond its boundaries; they certainly could have no force and effect in Mississippi where lay the real property, and interests of the estate in Missouri; not in Mississippi. She was clothed with the powers vested in her by the laws of Missouri; not of Mississippi. It is our contention, and we find ourselves sustained and supported therein by a long line of decisive authorities, that the laws of one state cannot govern those of another in so far as the administration of an estate is concerned, especially where a statute law provides with methodical certainty, the mode of descent and distribution.

As to the question of privity between the executrix of the will in Missouri and the administrator in Mississippi,

we maintain, that there is absolutely no privity between the two. There is a uniform line of authoritative decisions sustaining our position. *Wilson* v. *Hartford Fire Ins. Co.,* U. S. Circuit Court of Appeals, Eighth Circuit, 19 L. R. A. (N. S.) 553.

*McCabe & Thigpen,* for appellees.

I.   The first proposition advanced by attorneys for appellant is as follows: "Has a claimant against the estate of a decedent in process of administration in the state of Missouri, the right to petition for an administration of said estate in the state of Mississippi wherein is situate the real property of the decedent, and have said estate administered for the payment of claimant's debt?"

We contend that this is not one of the questions for decision by this court for the reason that in the instant case we have no "claimant" and there being no "claimant" the question falls of its own accord. We say there is no "claimant" because according to the laws of the state of Missouri, appellant's claim is forever barred.

II.   The second question advanced by appellant's attorneys is as follows: "(2)   Is a claim against the estate of a deceased testator which is barred in the state of his domicile because it was presented for allowance within the time fixed therefor by the administration statutes of that state, barred in another state in which an administrator with the will annexed is proceeding to administer upon real property of the testator in the latter state (through the existence of a degree of privity between the two separate and distinct proceedings)?", which having been bodily lifted from a case later cited in support of it, necessarily supports it, provided, we admit the correctness of the question, which we do not.

Their question implies two administrations running simultaneously. And in the case now before the court

we have only one (in Missouri) and most heartily deny
the right or necessity of another in Mississippi.

To arrive at the conclusion reached in the Wilson case
the court based their entire conclusion on the theory,
that in this instance, the debt sued on matured at, or
after the death of the deceased, and that therefore the
debt was against the property of the decedent instead of
against the decedent personally, or as put in brief for
appellant, was *in rem* rather than *in personam*. In the
instant case the claim of the appellant did not originate
on the death of W. C. Marshall, but was already in exist-
ence and was a claim *in personam* before it became a
claim *in rem,* so that the reasoning by which the court
arrived at the conclusion it did in the Wilson case, is not
applicable in this case. Also, in the Wilson case, there
were two administrations instead of one as in this case.

The real and only question for the court to pass on in
this case is: Has the Buckingham Hotel Co., Inc., the
right (taking into consideration the agreed statement of
facts and the history of their attempted probating of
their claim) to come into Mississippi and force the un-
necessary and undesired administration of property sit-
uated here? To which the answer is most emphatically,
—No. The statutory laws involved are, first, article 4,
section 1, Constitution of U. S.; second, section 2478,
Hemingway's Code; and third, statutes of limitation in
general.

Statutes of limitation are of several kinds, as absolute,
and as a personal privilege that can be pleaded and must
be pleaded to be availed of. So in each case annotated
under said section 2478, where the question was raised,
the statute of limitation sought to be availed of was a
personal privilege that was not and had not been pleaded
and therefore, not availed of.

Let's look at the words of the Missouri statute, "For-
ever barred." Not a personal privilege, but an abso-
lute bar. Not only the extinguishment of the remedy
but the right itself. The extinguishment of the right as

well as the remedy. But should this statute be considered a personal privilege, it was availed of, was pleaded,\and thereby, became absolute.

This brings this case squarely under the wording of section 2478 above set out. The cause of action accrued in another state, Missouri, and by the laws of Missouri, an action thereon cannot be maintained by reason of lapse of time, so no action should be maintained in this state.

But most important of all is the "full faith and credit" clause of the Constitution of the United States. We have found only one case with a similar state of facts to this case. *Tilt* v. *Kelsey,* 207 U. S. 43.

Limitations we have and must have. Limitations were pleaded and are now pleaded and should be allowed. If claims and proceedings such as this were allowed without limitation, there would be no end to administration of estates. Capital, the known shyest of the shy, would not step in and relieve estates embarrassed for money by buying, for fear of the future. Widows and orphans would starve for lack of funds while the expenses of administration went merrily on, and with hearts grown weary from hope long deferred, languish and die, with the horn of plenty just out of reach of baby fingers, reaching in vain for what by right is theirs, but which by law would not be available.

We respectfully submit that the chancellor was right in setting aside the appointment of an administrator and ask that his action be confirmed.


McGOWEN, J., delivered the opinion of the court.


Judge William C. Marshall, a resident citizen of the state of Missouri, died testate, leaving a last will and testament in which his two daughters were named executrices and sole beneficiaries without bond. It appears that his personal estate was situated in St. Louis, Mo., his real estate in Warren county, Miss., and that his will was

admitted to probate in St. Louis, Mo., and his personal estate administered there.

Buckingham Hotel Company is a corporation domiciled in the state of Missouri, and alleges that the decedent, W. C. Marshall, at the time of his death was in debt to it in the sum of one thousand two hundred ninety-three dollars and twenty-five cents. After the will was probated letters of executorship were issued to the two daughters by the probate court of the city of St. Louis, state of Missouri, on the 21st day of May, 1922, and on the 1st day of June, 1922, the notice to creditors in accordance with the laws of Missouri was published for the first time; the last publication of said notice being on June 29, 1922.

On the 1st day of June, 1923, the Buckingham Hotel Company presented its claim for one thousand two hundred ninety-three dollars and twenty-five cents in the probate court of St. Louis, Mo., and thereupon the executrices filed a written motion in the court to strike from the docket of the court this claim, because the claim was not exhibited to the executrices within one year after the granting of letters, nor was the same presented within that time to the court.

The court heard and considered the petition of the executrices and the motion to strike the claim from the docket, and disallowed it because presented too late, entering two orders to the same effect dismissing and disallowing the claim, and adjudging that the Buckingham Hotel Company was entitled to take nothing by their suit. These orders were entered by default; it appearing that the Buckingham Hotel Company did nothing more than present its claim for probate to the court in which the administration was being had in Missouri.

At the time of his death W. C. Marshall, the decedent, was seized and possessed of a tract of land evidently worth twenty-five thousand dollars in Warren county, Mississippi, and his two daughters after his death undertook to convey these lands by warranty deed to the appel-

lee, A. Kimberly, without an administration up to that time of the estate of the decedent in Mississippi. On March 22, 1924, the Buckingham Hotel Company presented an authenticated copy of the will of W. C. Marshall, deceased, as probated in St. Louis, Mo., to the chancery court of Warren county, Miss., alleging that his personal estate had been administered in Missouri, and alleging that the personal estate only amounted to about one thousand five hundred dollars; that the estate in Missouri had not been closed, and prayed that the American Bank & Trust Company be appointed administrator *de bonis non cum testamento annexo,* and on that date the authenticated copy of the will was admitted to probate by the clerk of the chancery court of Warren county, Miss., and the letters as prayed for issued to the American Bank & Trust Company; decree being entered on March 24, 1924.

Subsequently Henry, Canizaro & Henry, lawyers, filed a motion as *amicus curiae,* setting up the administration in Missouri, and, in short, alleging that the claim of the Buckingham Hotel Company, having been disallowed in Missouri, was not a claim which could be probated in Mississippi, and that the action of the clerk in granting letters of administration and appointing an administrator should be revoked and annulled because the Buckingham Hotel Company was not a creditor of Marshall's estate; its claim being barred in the state of Missouri.

A. Kimberly, who had purchased the land from the devises under the will, also filed a similar motion, alleging that the Buckingham Hotel Company had undertaken to probate its claim in the state of Missouri, and failed to probate it within one year, and that it was therefore barred, and joined in the motion to revoke the letters.

The Revised Statutes of Missouri relative to the probation of claims against estates of decedents is in the following language:

Section 182, Revised Statutes of Missouri 1919, provides:

"All demands not thus exhibited in one year shall be forever barred, saving to infants, persons of unsound mind or imprisoned, and married women one year after the removal of their disability, and said one year shall begin to run from the date of the granting of the first letters on the estate where notice shall be published, the first insertion within ten days after letters are granted; and in all other cases said one year shall begin to run from the date of the first insertion of the publication of the said notice. R. S. 1909, section 191, amended Laws 1917, p. 91."

"Sec. 186. *Demand to be Presented to the Probate Court, When.*—No claimant shall avail himself of the benefit of the preceding section unless he shall exhibit his demand to the administrator in the manner provided by law, for allowance, within one year after the date of granting of the first letters on the estate, or the first insertion of the publication of notice of the grant of such letters as provided for in section 182 of this article, nor unless he shall within the said time also present his said demand to the probate court. R. S. 1909, section 195, amended Laws 1917, p. 98."

The court held that the Buckingham Hotel Company, Inc., was not a creditor of the estate, and ordered that the letters of administration, the order appointing the administrator, and the notice be revoked, annulled, and set aside, and enjoined the bank from doing aught in and concerning the estate of the said W. C. Marshall, deceased. And from that order appeal by the Buckingham Hotel Company is prosecuted here.

The decree of the court below dismissing the proceedings was evidently based upon the idea that the claim of Buckingham Hotel Company, not being provable in and having been rejected by the probate court of Missouri, was barred there, and for that reason barred here, and that our laws of administration would be governed by the laws of the domicile of a nonresident debtor. And it is argued here that the judgment of the court there is

conclusive against the Buckingham Hotel Company, and that by comity our courts must recognize and respect the decree of the St. Louis county court as to this claim.

There can be no question in Mississippi that, if there be property situated in the state, the chancery court of the county has the undoubted right to consider and take jurisdiction of the matter of an administrator or of the probation of a will in the county where is situated the real or personal property of the decedent, and this may be done upon the application of a creditor of the estate or of the devisee of the will upon presentation of an authenticated copy of the probation of the will under our statutes.

We do not think it necessary to rehearse and re-examine the authorities, because really that proposition is not challenged by appellee in this cause. The real question presented for decision here is: If a claim against the estate of a deceased testator be barred in the state of Missouri, the domicile, because it was not presented for allowance within the statutory time fixed by the probate laws of that state, and judgment is entered there accordingly, will the bar of the state of decedent's domicile preclude that creditor from having an administration of the estate here in this state and presenting his claim for probate?

Under the laws of Mississippi the real estate therein of a decedent descends and is distributed and is administered under Mississippi laws, regardless of other administrations in other states, and regardless of whether or not the domicile of the deceased was in this state. It appears from this record that all of the real estate of W. C. Marshall, deceased, was in Mississippi.

We have no hesitancy in saying that this question has been set at rest by our court for a long time. We quote with approval, as controlling, the case of *Carroll* v. *McPike,* 53 Miss. at page 569:

"Abram McPike, a citizen of Missouri, died, leaving real and personal property in this state. Letters of ad-

ministration on his estate were granted in this state and in Missouri. Jacob Carroll, a citizen of Texas, and claim- to be a creditor of the decedent, instituted his action in the circuit court of Hinds county, to enforce this claim against H. C. McPike, the Mississippi administrator of the estate of said decedent. The circuit court denied the right of the plaintiff to maintain his action because he was a citizen of Texas; . . . and the decedent was domiciled in Missouri, where administration of his estate had been granted, and therefore the plaintiff must sue in the courts of the domicile of the decedent. . . .

"The general doctrine, as declared by Story, in Con- flict of Laws, section 518, is that an administration in any other country than that of the domicile of the de- ceased is treated as in its nature ancillary merely to that in the country of the domicile, because 'the final distri- bution of his effects among his heirs or distributees is to be decided by the law of his domicile.' This reason wholly fails in its application to this state, and the doc- trine built on it is entirely subverted, by our statute, de- claring that personal property situated in this state shall descend and be distributed according to the laws of this state, notwithstanding the domicile of deceased may have been in another state. Code, section 1950. In this state administration of the effects here of a deceased person, no matter where his domicile was, is independent of all other administrations, and to be conducted in all respects as if the decedent had been a citizen of this state when he died. Debts are to be paid according to the as- sets, and any surplus is to be distributed here. All credi- tors, no matter where residing, nor where the debts were contracted, are entitled to prove their claims here, and proceed in our courts to enforce them, and to share in the assets here. There may be inconveniences, and some- times hardships, resulting from this doctrine; but it plainly results from our system, as established by stat- utes, and we cannot shrink from declaring it, whatever may be the consequence. Whether, in case of payment of

all debts proved against the estate here, an application
to the proper chancery court by the administrator of the
decedent in the state of his domicile, representing the
necessity for the surplus of assets here to be used in the
state of the domicile of the decedent for the payment of
debts proved there, it would be proper to grant such ap-
plication, and order the transmission of such surplus to
the administration of the domicile, is a question not now
presented or decided.''

Judge CAMPBELL spoke in no uncertain terms when he
declared that all creditors, no matter where residing,
were entitled to prove their claims here no matter where
the debts were contracted. This case was approved in
*Bolton* v. *Barnett,* 131 Miss. 802, 95 So. 721, where it is
held: ''In this state the administration of the estate of
a decedent person, no matter where his domicile was,
is independent of all other administrations, and is to be
conducted in all respects as if the decedent had been a
citizen of this state when he died.''

If we are to give effect to the very positive language
of the distinguished judges who wrote the two opinions
quoted *supra,* we are compelled to hold that under the
Mississippi statutes an administration in this state is
not ancillary to an administration in any other state
where real estate or personal property is located here,
and the law of the domicile does not control our statute
in the administration of an estate of which the courts of
our state have jurisdiction, but they are administered in
all respects as though there were no other administration.

Counsel for appellee insists that we must preserve the
comity of courts, which we do not think is involved here
for the reason that as to real estate especially it has
always been the law that immovable property is exclu-
sively subject to the laws of the country in which it is lo-
cated, and this has been zealously and jealously guarded.
Other states are excluded when it comes to the disposition
of the title to real property, and *lex loci rei sitæ* is invoked
to prescribe the mode for establishing the muniment of
title to said lands.

Judge Campbell points out that our statute is in conflict with Story as to movable property, and cites Story's quotation, which quotation is the very basis of appellee's contention here. We are constrained to believe that a mere dismissal by the court, of the domicile of the decedent, of a claim presented for probate is not a bar to its presentation here, and the administration proceeds in this state independent of and without regard to the administration of an estate in another state, even though it be the domicile of the decedent.

The case of *Wilson* v. *Hartford Fire Insurance Co.,* 164 F. 817, 90 C. C. A. 593, 19 L. R. A. (N. S.) 553, passes directly upon this point, if it were necessary to look to other jurisdictions for authority.

The statute of limitation as to the probation of claims in Missouri cannot effectually bar the probation of a claim and the administration of an estate upon property of the decedent, movable or immovable, in the state of Mississippi. The statute of limitations of Missouri may and does extinguish the right within its borders, but we fail to see how such judgment of the probate court of the state of Missouri could be invoked extraterritorially in aid of a title to real estate in Mississippi, and only the statutes of limitation of our own state can be invoked as against a creditor undertaking to proceed against real or personal property situated in this state.

We cannot agree with counsel for appellee that there is any merit in the contention that there is any violation of the spirit or of the letter of the Constitution relative to comity of courts in the several states, but plant ourselves upon the well-known principle that each sovereign controls the transfer and manner of establishing muniments of title within its borders, and our statutes have declared that estates of decedents shall be administered independently, and our courts have but enforced our statutes; the statutes and decisions being based upon sound reasoning and calculated to carefully guard the estates of all persons, we do not feel warranted in dis-

turbing the rule as it has existed in Mississippi for many years.

Counsel for appellee insist that the dismissal of the claim of the Hotel Company in Missouri operates as a bar here because of article 4, section 1, of the Constitution of the United States—the full faith and credit clause thereof. The property sought to be administered was not and could not have been administered under the laws of Missouri, being immovably fixed within the borders of this state.

Counsel cites the case, the only one, he says, with a similar state of facts which he has been able to find, of *Tilt* v. *Kelsey,* 207 U. S. 43, 28 S. Ct. 1, 52 L. Ed. 95, the last syllabus of which is as follows:

"Where the decree of the probate court is final and bars all persons having claims against the estate, the courts of another state must, under the full faith and credit clause of the Federal Constitution, give similar force and effect to such a decree, when rendered by a court having jurisdiction to probate the will and administer the estate, and *held* that such a final decree in New Jersey was a bar in the courts of another state against the taxing authorities of the latter state attempting to enforce a claim for inheritance tax on the ground that the testator was at the time of his death domiciled therein."

The syllabus immediately preceding that is also interesting, and we set it out here without comment: "In respect to the settlement of successions to property on death, the states are sovereign and may give to their courts the authority to determine finally as against all the world all questions which arise therein, subject to applicable constitutional limitations."

Mr. Justice MOODY, in the case *supra,* very conclusively shows that the syllabus first quoted does not accurately present the question decided by the court. The last two paragraphs of that opinion are as follows:

"It is quite obvious that what was done here was the assessment by one state of taxes upon transfers of per-

sonal property, taking effect under the laws of another state, entirely regardless of the *situs* of the property transferred. This suggests grave constitutional questions, which we cannot consider because they were not properly and seasonably raised in the court below.

"For the foregoing reasons we think that the judgment below denied to the New Jersey proceedings the full faith and credit to which they were entitled by the Constitution and laws of the United States, and accordingly it is reversed."

It will be noted that the state of New York was undertaking to administer the same property under the guise of want of jurisdiction on the part of the courts of New Jersey, and the courts of New Jersey having determined the matters involved in the controversy as to the *res* and as to the persons, and the jurisdictional attack being a mere pretense, of course the court held that the court first acquiring jurisdiction could not be ousted. Having fully determined all the matters involved in the controversy, even though the New York courts undertook to administer for purposes of taxation, the court very conclusively shows that there was no serious attack upon the jurisdiction of the New Jersey court—not at all on all fours with the instant case.

We think that the effect of the court order dismissing the Buckingham Hotel Company's claim would be no more binding upon this court than the statute of Missouri. See 24 C. J. p. 319:

"*Effect of Foreign Statute.*—Where decedent left property within the state, the claim of a resident of the state, so far as such property is concerned, is not affected by a statute of another state, where administration is had barring claims for nonpresentation."

The note to this statement of the text cites the case of *Lipperd* v. *Lipperd,* which note is embraced in the fourth instruction. See 181 Mo. App. 106, 163 S. W. 940.

The rejection of the Hotel Company's claim in Missouri because it was not presented in time under the

probate laws of that state was not a judgment affecting property in this state which is subject to administration under the laws of this state.

In the brief filed in the case of *Carroll* v. *McPike, supra,* in discussing our statutes as to descent and distribution of personal property, Messrs. Harris and George urged upon the court at that time that this statute could not apply to creditors, and used this language:

"It [speaking of the court] makes an innovation of the common-law rule, which directed the descent and distribution of personalty according to the laws of the testator's domicile. The legislature repealed the rule of comity to this extent, that as to property here the state would determine for itself who were to be the successors of all property, real and personal, within its limits. The statute puts the succession to personalty exactly on the same footing as realty. The statute effects a great change on this subject. Manifestly, the legislature intended, as to the property situated here, to determine and fix who are to succeed to it, so far as heirs and distributees are concerned; but they went no farther. They made no provision as to creditors."

But Mr. Justice Campbell thought otherwise, as herein quoted above. So that we do not think the question here presented involves the full faith and credit due clause of the Constitution, but rather think the *Tilt* v. *Kelsey case* as a whole strengthens the decision announced here as the law of Mississippi.

The decree of the court below will be reversed and the cause will be remanded, for the purpose of proceeding with the orderly administration of this estate.

*Reversed and remanded.*