## In re GLASCOCK.
## NEWELL et al. v. FISHER.

No. 19228.  Opinion Filed Sept. 24, 1929.

H. J. Mackey, for plaintiffs in error.

Fred E. Suits and H. A. Kroeger, for defendant in error.

LESTER, V. C. J. This is a contest between the natural mother on one side and the mother and step-father of the petitioner below on the other side for the custody, care, and control of Pauline Glascock, a minor, between the age of eight and nine years.

After an exhaustive hearing before Honorable T. G. Chambers, Judge of the 13th Judicial District of Oklahoma, a decree was entered awarding the custody, care, and control of the said minor to its natural mother, Grace Fisher. The respondents filed a motion for new trial, which was by the court overruled, and thereafter they filed an appeal from said judgment to this court.

It will serve no useful purpose to set forth the controverted facts. We find from the evidence that the claim of the mother and the grandmother for possession of the child about equal; however, the trial judge saw the parties to the action, heard the

witnesses, and was in much better position to determine the character of testimony produced on the trial of the said cause than this court may on review.

The respondents, in addition to their claim that they were the more proper parties to have possession of the said child, also set up certain adoption proceedings had in the county court of Oklahoma county. The trial court found that the adoption proceedings were void. The plaintiffs in error in their brief at page 21 state:

"Special emphasis has been placed upon the proposition that no notice was served upon the petitioner below prior to the adoption proceedings. It was and is the contention of the respondents that such notice was not necessary to confer jurisdiction on the county court. Section 8046 of the Compiled Laws of 1921, provides:

" 'A legitimate child cannot be adopted without the consent of its parents, if living, nor an illegitimate child without the consent of its mother, if living, except that consent is not necessary from a father or mother deprived of civil rights or adjudged guilty of adultery, or of cruelty and for either cause divorced.' "

We do not think that section 8046, supra, is sufficient to excuse the necessity of giving notice to the parents of the adoption proceedings.

The plaintiffs in error contend that the action for writ of habeas corpus to obtain possession of the minor was not the proper remedy; however, we think that where no notice of the adoption proceedings was given to the parents of the minor, such parents may attack the decree collaterally on habeas corpus for the possession of the child.

It appears from the record that Grace Fisher at one time signed her consent to allow her child to be adopted. This consent she claims, was procured by duress. But whatever benefit said consent may have conferred, it was never used or made a part of the record in the adoption proceedings had in the county court.

In 1 C. J. 1394 (a), it is said:

"A parent who had no notice of the adoption proceedings can attack the decree collaterally on habeas corpus for the possession of the child. Willis v. Bell, 86 Ark. 473, 111 S. W. 808; In re Carter, 77 Kan. 765, 93 Pac. 584; Matter of Larson, 31 Hun. (N. Y.) 539 (rev. on other grounds, 96 N. Y. 381) ; Matter of Moore, 72 Misc. 644, 132 N. Y. S. 249; Beatty v. Davenport, 45 Wash. 555, 88 Pac. 1109, 122 A. S. R. 937, 13 Ann. Cas. 585, and note (foll. State v. Wheeler, 43 Wash. 183, 86 Pac, 394.)"

Upon examination of the adoption proceedings had in the county court, we do not think that the petition or the proceedings had thereunder conferred jurisdiction on the county court to enter a judgment of adoption. We find no reversible error in the judgment below.

Affirmed.

MASON, C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur.