## COFFEY v. DURAND et al., No. 1.—167 S. W. (2d) 684.*

Eastern Section.   March 5, 1940.

Rehearing denied April 6, 1940.

Petition for Certiorari denied by Supreme Court, October 5, 1940.

---

*This opinion should have appeared in Volume 26 but was inadvertently omitted.

706

Strang, Fletcher & Carriger and Charles C. Moore, all of Chattanooga, for appellant.

Williams & Williams, of Chattanooga, for appellees.

McAMIS, J.  The bill herein was filed on May 30, 1936, by the receiver of the First National Bank of Chatta-

nooga against Harry W. Durand, Jr., as administrator of the estate of Mary H. Reynolds, deceased, to recover the sum of $2,000 representing an assessment made upon stock owned by the said Mary H. Reynolds at the time of her death.

Mrs. Reynolds died testate in Boise City, Idaho, in July, 1933. At the time of her death she owned securities in excess of $30,000 which were held by the First National Bank of Chattanooga as her agent. She also owned $2,000 of the capital stock of said Bank and other personal property located in the State of Idaho. By the terms of her will she bequeathed her entire estate to R. Mowbray Davidson, Jr., who qualified as administrator with the will annexed in the Probate Court of Ada County, Idaho in July, 1933. As such administrator, Davidson made publication for creditors of the estate, as provided by Idaho statute, requiring them to come forward and prove their claims within six months from the date of the first publication notice, July 26, 1933, and otherwise proceeded to administer upon said estate. He also assumed to administer upon the securities held by the First National Bank of Chattanooga by directing their transfer to the American Bank and Trust Company of Chattanooga for collection and requiring the latter Bank to account to him for collections made upon said securities. These securities, however, were never transferred or removed from the State of Tennessee though they were later transferred upon the Bank's records to the individual name of R. Mowbray Davidson, legatee under the will of Mrs. Reynolds. The purpose of the present suit was to impound by attachment the securities owned by Mrs. Reynolds at the time of her death located in Tennessee.

On June 12, 1933, complainant filed a supplemental and amended bill alleging that R. Mowbray Davidson, Jr., had

succeeded to the entire estate of Mrs. Reynolds and, as administrator of her estate, with knowledge of the stock assessment, proceeded to wind up said estate and transfer all of its assets to himself as legatee under her will; that, as a Tennessee creditor of Mrs. Reynolds' estate, complainant had an equitable lien upon said Tennessee assets and, under the facts stated, was entitled to have said assets attached and a decree against the said R. Mowbray Davidson, Jr., as an individual. Prior to the filing of the bill complainant procured the appointment of Harry W. Durand, Jr., as administrator of the estate of Mary H. Reynolds, deceased, in the County Court of Hamilton County, Tennessee. The bill also named Harry W. Durand, Jr., administrator, a party defendant and sought a decree against him as such administrator for the amount of the assessment with interest. The American Bank and Trust Company was also named a defendant.

Defendants filed pleas in abatement upon various grounds. All of these pleas were overruled and answers were filed setting up as the principal ground of defense that Mrs. Reynolds' estate was fully administered according to the laws of the State of Idaho where she was domiciled at the time of her death and all of the assets of her estate adjudged to be the property of her legatee, R. Mowbray Davidson, Jr., by the Probate Court of Idaho and that he acquired both possession and title thereto prior to the appointment of the Tennessee Administrator. It was further insisted that under the statutes of Idaho claims not filed within six months after the date of the first publication notice were thereafter forever barred and that the decree of distribution of the Probate Court of that State adjudging R. Mowbray Davidson, Jr., entitled to all of the assets of the estate

operated as res adjudicata, precluding complainant from maintaining the present action and rendering void the appointment of Harry W. Durand, Jr., as administrator by the County Court of Hamilton County, Tennessee.

After providing for publication notice by the administrator to run for a period of six months from the date of the first publication, the Idaho statute provides as follows:

"15-604. All claims arising upon contracts, whether the same be due, not due or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever; provided, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the court or a judge thereof, that the claimant had no notice as provided in this chapter by reason of being out of the state, it may be presented at any time before a decree of distribution is entered."

In the instant case the time for filing claims expired January 26, 1934. According to the proof, the First National Bank of Chattanooga failed before the expiration of this period but no assessment was made against stockholders until April 19, 1934. The due date of this assessment was later extended until March, 1935, but the assessment became a provable claim on the date it was made. Coffey v. Fisher, 6 Cir., 100 F. (2d) 51. It results that complainant's claim accrued nearly three months after the expiration of the six months period and approximately 33 days before the decree of final settlement in the Probate Court of Idaho.

It appears that complainant mailed a notice of the assessment to R. Mowbray Davidson, Jr., administrator, on April 30, 1934, and again on March 13, 1935, notified him of the final due date of said assessment as

extended by the Comptroller of the Currency. It does not appear that either of these notices were intended by complainant or treated by Davidson, administrator, as a proof of claim verified and filed for payment. However, after Davidson, administrator, declined to recognize complainant's claim because not filed within the time allowed by Idaho statute, complainant, on October 7, 1935, submitted formal proof of claim which was ignored by Daidson, administrator, and on May 30, 1936, complainant procured the appointment of Harry W. Durand, Jr., administrator, in Tennessee for the purpose of enforcing his rights as a Tennessee creditor of Mrs. Reynolds under Code, Section 8145.

Under these facts, we are called upon to determine, apparently for the first time, the extraterritorial force of statutes of a sister State requiring the assertion of claims against a decedent estate within a fixed time. This question must be considered in the light of Section 8145 of the Code providing for local administration over assets of the decedent located in Tennessee for the benefit of Tennessee crditors.

The question of the extraterritorial force of what are referred to as statutes of nonclaim was considered in Toner v. Trust Co., 131 Kan. 651, 293 P. 745, 72 A. L. R. 1018. It was held in that case that a statute of the State of Missouri, relating to the time within which claims may be filed in a probate court, had no extraterritorial effect in Kansas, and a citizen of Kansas could maintain an action upon his claim though not filed within the time prescribed by the Missouri statute.

Appended to the reported case appears an annotation reviewing cases dealing with the right of a creditor to present a claim against an ancillary administrator where

the creditor failed to present the claim against the domiciliary administrator within the required time. It is stated that the conclusions reached in these cases have not been in accord.

Following this statement, several cases are cited which appear to us to clearly recognize the right to file such a claim in the ancillary proceeding even though the claim is barred against the administrator of the estate in the state of the deceased's domicile. Some of the cases hold that even though dismissed by the probate court of the state of deceased's domicile because not filed within the time fixed by statute, such a claim may be filed in an administration of the decedent's estate within the state where the claimant resides. See Buckingham Hotel Co. v. Kimberly, 138 Miss. 445; 103 So. 213; Lipperd v. Lipperd's Estate, 181 Mo. App. 106, 163 S. W. 934.

An examination of the cases cited as holding contra reveals that in most if not all of them, the claimant resided in the state of the principal administration and, after allowing the claim to become barred by the laws of the state of the claimant's domicile and that of the deceased, undertook to establish such a claim in an ancillary administration in another state. Distinguishing equities between such a claim and the one here under consideration are at once apparent. This difference in factual background doubtless accounts for the apparent diversity of opinion upon this subject and we think it may be said that the weight of authority, at least, supports the right of a creditor residing in a foreign state to look to the assets of the deceased located within that state and administered by an ancillary administrator without filing a claim in the jurisdiction of the deceased's domicile.

■ As already observed, we do not think the notice of assessment mailed by complainant to Davidson, the Idaho administrator, constituted the filing of a claim in the Idaho administration. No reference is made to complainant's claim either in the report filed by Davidson, administrator, or in the decrees of the Probate Court accepting his report and directing a distribution of the estate upon the basis of the administrator's inventory and report. The filing of a verified claim long after the time for filing claims had expired and a decree of distribution entered relieving the administrator and the sureties on his bond from further liability clealy could not, as a matter of law or equity, be treated as the filing of a claim in that administration.

However, if it be so treated, the rule seems to be that the filing of such a claim does not operate as a bar to the subsequent filing of a claim in an ancillary proceeding in the state of the creditor's residence.

"The fact that a claim has been presented, and allowed or disallowed in the jurisdiction of the domiciliary administration is no bar to its allowance in the ancillary jurisdiction; and conversely an allowance of a claim by a court of one jurisdiction is not conclusive upon a personal representative in another jurisdiction, or even evidence in such jurisdiction of the debt on which the claim was based." 24 C. J., Sec. 2696, pp. 1124, 1125; 34 C. J. S., Executors and Administrators, sec. 1003.

■ Without approving this strong statement of the rule as applied to all of the contingencies stated by the text writer, we think, under the facts of this case, it is clear that the mere filing of a claim which is ignored by the administrator because filed too late and not considered by the court in which the administration is pend-

ing does not bar the subsequent filing of the claim in an ancillary administration in the court of the creditor's domicile.

■ An administrator acts merely an as auditor, and hence his rejection of a claim is not res adjudicata. "In allowing or rejecting any claim he acts merely as an auditor. His allowance or rejection simply means that he is or is not satisfied as to the justice of the claim, but it is in no sense a judicial determination, as [an administrator] is not vested with judicial functions." Dow v. Lillie, 26 N. D. 512, 144 N. W. 1082, 1085, L. R. A. 1915D, 754; Chambers v. Chambers, 38 Or. 131, 62 P. 1013. See, also, 21 Am. Jur., 600, Sec. 386.

■ It is generally held that the filing of a claim against the estate of a decedent will not be regarded as an election of remedies, precluding the claimant from pursuing other remedies not inconsistent with the filing of such claim. The mere presentation of a claim against an estate, without prosecuting it to final determination, will not be taken as an election to pursue that remedy and no other. See 21 Am. Jur., 601, Sec. 387 and notes.

■ We reach the conclusion that the Idaho administration proceeding did not operate as an adjudication of the claim here asserted; that complainant is not barred by the Idaho statute of limitations and that, if it be assumed that complainant filed a claim in that proceeding, he is not to be held to an election of remedies, precluding him from invoking the right to have the assets of a nonresident decedent attached (Code, sec. 9396, Subsec. 7) and to have an administration in Tennessee upon the assets of the non-resident decedent for his benefit and the benefit of other creditors, if any.

It has been held that if an administration of a nonresident's estate is necessary in this State, our courts

will make the debts due the estate of the non-resident assets for the benefit of domestic creditors, and will not allow them to be removed without the payment of our own creditors if there be such. See St. John v. Hodges, 68 Tenn. (9 Baxt.), 334; Goodlett v. Anderson, 75 Tenn. (7 Lea) 286.

The Chancellor was of opinion the appointment of the Tennessee administrator was a nullity for the reason that, at the time of his appointment, all of the assets of the Reynolds estate had been decreed to be the property of R. Mowbray Davidson, Jr., and had been transferred to his name by the Bank in charge of the securities. It is true, the assets had been so transferred but it is an elementary principle that distributees and legatees take always subject to the payment of the deceased's debts and obligations.

When Davidson, as administrator, assumed to administer upon assets located within the State of Tennessee, without qualifying as such in this State, he did so without authority. See notes under the heading "Foreign Representative, Powers within Another State", Williams's Code, Annotated, Section 8145.

When he acquired the securities in question, he had actual notice and knowledge of complainant's claim and constructive notice of complainant's right to have an administration of the assets belonging to the Reynolds estate located within this State for the benefit of local creditors.

Moreover, by the terms of the statute, the existence of assets within this State is referential to the date of the death of the deceased person and not to the date when application for the appointment of an ancillary administration is made.

"The statute makes the right of administration dependent upon the location of the property at the death of deceased, and if it be removed without authority, administration may still be had, and the responsible parties made to answer for such removal. . . . The property of a decedent vests in his administrator when appointed by relation from the date of the death." See Anderson v. Louisville & N. Railroad Co., 128 Tenn. 244, 248, 159 S. W. 1086, 1087, construing the same Section of the Code here under consideration.

We find ourselves unable to agree with the further finding of the learned Chancellor that complainant is precluded from maintaining the present action by a former decree of the Chancery Court of Hamilton County in a suit styled Harry W. Durand, Jr., Administrator, v. American Bank and Trust Company, in which the administrator undertook to recover possession of the securities here involved in an action of replevin. The essence of the holding in that case appears to have been that the appointment of Durand, as administrator in Tennessee, was void for the reason that no assets existed in Tennessee at the date of his appointment. As we have seen, this was immaterial insofar as the validity of his appointment is concerned for the reason that, under the statute as construed by the Supreme Court, the controlling question is the existence or nonexistence of assets at the date of the death of the deceased. There was no attempt to establish the cause of action here asserted in that proceeding. The only question at issue was the right of the administrator to recover possession of the assets of the estate. For this reason, and the further reason that Davidson was not a party defendant in that suit, whereas he is the real party in interest in the pres-

ent litigation, we think the decree in the former case does not constitute res adjudicata and that the learned Chancellor was in error in holding to the contrary.

■ There remains for consideration only the individual liability of R. Mowbray Davidson, Jr., as legatee under the will of Mrs. Reynolds. We think liability against him as an individual must be denied. The stock has never been transferred to his name and the estate of the deceased stockholder is solvent. As we understood the statement of counsel for complainant made at the bar of the court, recovery is not sought jointly against the administrator and Davidson as an individual.

A decree will be drawn conforming to this opinion and, if necessary, the cause remanded for its enforcement. Costs will follow the decree.

## On Petition to Rehear.

Counsel for appellees have petitioned the court for a rehearing, insisting that the former opinion filed on March 5, 1940, in effect held the judgment of the probate court of Idaho void and of no effect without any pleading filed by the receiver seeking such relief. By the bill and amended bill of the receiver it is alleged that the defendant R. Mowbray Davidson, the Idaho administrator, claimed the right to administer upon the Tennessee assets under a proceeding in the probate court of that State undertaking to vest title to the securities in R. Mowbray Davidson as legatee under the will. It is further alleged that said Idaho probate proceedings had been "closed" and that the said administrator had committed a devastavit. The prayer and purpose of the bill was to assert a lien as authorized by statute upon the Tennessee assets.

While, under the authorities to be hereafter cited, we do not think the judgment of the Idaho Probate Court operated as res adjudicata in respect to the claim of the receiver since the claim was not mentioned in the inventory and report of the Idaho administrator nor mentioned or considered in the decree of distribution, we think the allegations referred to are sufficient to indicate that the receiver intended to challenge the validity of the Idaho judgment insofar as it purported to vest title to the Tennessee assets in the legatee under the will. No attack is made upon the judgment because of accident, fraud or mistake, the receiver's insistence being, as we understand, that since he was not a party to the Idaho proceedings no adjudication by the court could operate to cut off his right to subject the Tennessee assets to the payment of the Bank's claim.

We pointed out in our former opinion that the receiver filed no claim until after the decree of distribution had been passed. It may be conceded that if the receiver had prosecuted a claim' under the laws of the State of Idaho he would have been bound by the adjudication of the courts of that State involving the claim now asserted. Since he did not pursue that remedy the question is, as we endeavored to point out, one involving a conflict of laws and not an attack upon a judgment of the courts of a sister state.

The basis of the rule that a judgment regular upon its face cannot be attacked collaterally is that there has been an adjudication of the question between the parties and where it appears that a party interested was not before the court, such party may be heard upon questions of both law and fact as fully as though no judgment had been rendered. It is said that to rule otherwise would

permit a man to be condemned unheard, or his property taken without notice, which of course is contrary to the plainest principles of law or justice. Beatty v. Davenport, 45 Wash. 555, 559, 88 P. 1109, 122 Am. St. Rep. 937, 13 Ann. Cas. 585.

It is next insisted that the court went out of the record in holding that the Idaho judgment had no extra-territorial force, there being no proof in the record to this effect. The record reflects the facts in reference to the parties before the court in that proceeding and the questions involved as well as the location of assets within the State of Tennessee at the time of the death of the testator. From these facts we determine that the receiver had a right to invoke the provisions of the Tennessee statute for the benefit and protection of domestic creditors.

We are unable to agree with the insistence ably pressed by counsel for petitioner that the Idaho statute and the proceedings in that State operate to cut off this right and are constrained to adhere to our original opinion in this respect. It results that the petition to rehear is denied.

Portrum and Ailor, JJ., concur.